UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUSTIN B.,

            Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

Case No. C19-5461 RSM

**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING THE CASE FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the ALJ erred by rejecting the opinions of treating neurologist W. Dale Overfield, M.D., and relying on the opinions of non-examining doctor Mark Magdaleno, M.D. Pl. Op. Br. (Dkt. 9) at 1. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 41 years old, has an 11th grade education, and has worked as a truck driver. Admin. Record ("AR") (Dkt. 11) 43. Plaintiff applied for benefits on June 4, 2015, alleging disability as of January 11, 2011. *See* AR 70, 221-33. Plaintiff later amended his alleged onset

date to June 4, 2015.  AR 41, 43.  Plaintiff's applications were denied initially and on reconsideration.  AR 72-96, 99-126.  After the ALJ conducted a hearing on September 19, 2017, the ALJ issued a decision finding Plaintiff not disabled.  AR 15-26.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:**  Plaintiff has not engaged in substantial gainful activity since June 4, 2015, the amended alleged onset date.

**Step two:**  Plaintiff has the following severe impairments:  Migraines, major depressive disorder, and posttraumatic stress disorder.

**Step three:**  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity ("RFC"):**  Plaintiff can perform the full range of work at all exertional levels with non-exertional limitations.  He can occasionally climb ladders, ropes, and scaffolds.  He can occasionally balance.  He can have occasional exposure to hazards, bright lights, extreme temperatures, and extreme humidity.  He can occasionally engage in commercial driving.  He can understand, remember, and apply detailed but not complex instructions.

**Step four:**  Plaintiff cannot perform past relevant work.

**Step five:**  Considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform, so Plaintiff is not disabled.

AR 15-26.  The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1-3.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

as a whole.  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).  The ALJ is responsible for evaluating evidence, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one interpretation, the ALJ's interpretation must be upheld if rational.  *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005).  This Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

**A.      The ALJ Erred in Rejecting Dr. Overfield's Opinions**

Plaintiff argues that the ALJ erred in rejecting Dr. Overfield's opinions.  Pl. Op. Br. at 2-3.  Dr. Overfield is Plaintiff's treating neurologist.  *See* AR 996-1024, 1342-50.  On March 13, 2017, Dr. Overfield signed a letter responding to questions from Plaintiff's counsel.  AR 1333-34.  Counsel recited several statements from Plaintiff and asked Dr. Overfield whether they were "consistent with" the nature of Plaintiff's condition and Dr. Overfield's treatment of Plaintiff. *Id.*  In each case, Dr. Overfield responded "yes."  *Id.*  Counsel then asked Dr. Overfield the following: "In your opinion, if [Plaintiff] had work [sic] since June 2015 on a full time regular and sustained basis, would his migraine condition have been expected to result in absenteeism from his work station for approximately [three] hours per migraine occurrence?"  AR 1334 (emphasis omitted).  Dr. Overfield responded "yes."

The ALJ summarized Dr. Overfield's opinion as stating that "[Plaintiff] has been unable to sustain work activity on a regular and continuing basis due to his migraine condition."  AR 22. The ALJ gave this opinion little weight because he found it inconsistent with Dr. Overfield's

1  treatment records. AR 22-23. In particular, the ALJ found that Plaintiff presented as "alert and
2  oriented and able to follow and persist throughout appointments." AR 23.
3     The ALJ erred in evaluating Dr. Overfield's opinions because he did not accurately state
4  what those opinions were. Dr. Overfield did not opine that Plaintiff had a particular frequency of
5  migraines, or that they precluded Plaintiff from working. Rather, Dr. Overfield opined that his
6  treatment was consistent with counsel's summary of Plaintiff's reports, and that when Plaintiff
7  had migraines, they would require him to be away from his work station for three hours. *See* AR
8  1333-34.
9     Furthermore, the ALJ erred in rejecting Dr. Overfield's opinions because he did not point
10 to any specific inconsistencies with the treatment record. The ALJ is required to give detailed,
11 reasoned, and legitimate reasons for disregarding findings by a treating physician; conclusory
12 reasons are insufficient. *Burrell v. Colvin,* 775 F.3d 1133, 1137 (9th Cir. 2014); *Embrey v.*
13 *Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988). An ALJ's rejection of a physician's opinion on
14 the generic ground that it is contrary to clinical findings in the record fails "to specify why the
15 ALJ felt the treating physician's opinion was flawed." *McAllister v. Sullivan*, 888 F.2d 599, 602
16 (9th Cir. 1989); *see also Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) ("[A]n ALJ
17 errs when he rejects a medical opinion or assigns it little weight while doing nothing more than
18 ignoring it, asserting without explanation that another medical opinion is more persuasive, or
19 criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion.")).
20 That Plaintiff was able to "persist throughout" his medical appointments with Dr. Overfield is a
21 generic finding that does not contradict Dr. Overfield's opinion that Plaintiff's migraines cause
22 him to be away from his work station for three hours when they occur.
23     Moreover, the ALJ misrepresented Dr. Overfield's treatment records. Dr. Overfield did

1  not state that Plaintiff was "alert and oriented," but noted only that Plaintiff's appearance was

2  "age appropriate." AR 997, 1002, 1009, 1014, 1022, 1346, 1348. An ALJ may not reject

3  evidence based on an inaccurate portrayal of the record. *See Reddick v. Chater*, 157 F.3d 715,

4  722-23 (9th Cir. 1998) (reversing ALJ's decision where his "paraphrasing of record material is

5  not entirely accurate regarding the content or tone of the record"). The ALJ consequently failed

6  to provide specific and legitimate reasons for rejecting Dr. Overfield's opinions, and erred.

**B.     The ALJ Erred in Evaluating Dr. Magdaleno's Opinions**

Plaintiff argues that the ALJ erred in relying on Dr. Magdaleno's opinions because the doctor did not address Plaintiff's migraines, and the ALJ should have given more weight to Dr. Overfield's opinions as a treating doctor. Pl. Op. Br. at 3-4. Plaintiff's first argument fails, but his second succeeds. Dr. Magdaleno reviewed Plaintiff's medical records, but did not examine him. *See* AR 107-08, 121-22. Dr. Magdaleno found Plaintiff's migraines to be severe, and noted that he considered Plaintiff's recurrent migraine headaches in forming his opinions as to Plaintiff's functional limitations. AR 108, 122. Plaintiff is therefore wrong that Dr. Magdaleno failed to address Plaintiff's migraines. But, as explained above, the ALJ erred in evaluating Dr. Overfield's opinions. "Generally, the opinion of a treating physician must be given more weight than the opinion of an examining physician, and the opinion of an examining physician must be afforded more weight than the opinion of a reviewing physician." *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014) (citations omitted). Because the ALJ erred in evaluating Dr. Overfield's opinions, the Court cannot determine whether the ALJ correctly weighed Dr. Magdaleno's opinions, and therefore finds that the ALJ erred.

**C.     Scope of Remand**

Plaintiff asks the Court to remand for an award of benefits. Pl. Op. Br. at 4. Remand for

an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits. *Id.* at 1045. First, the Court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* (citing *Garrison*, 759 F.3d at 1020). Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted). If the first two steps are satisfied, the Court must determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. "Even if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

The appropriate remedy here is to remand for further proceedings. There are conflicts among the medical experts as to the level of work Plaintiff could perform, and his amount of absenteeism. Dr. Overfield opined that Plaintiff would miss several hours of work when he had a migraine, but did not opine as to how frequently Plaintiff would have migraines. *See* AR 1333-34. Dr. Magdaleno opined that Plaintiff could work full-time. *See* AR 107-08, 121-22. Dr. Enkema opined that Plaintiff could perform light work, but did not opine that Plaintiff would have any specific level of absenteeism. *See* AR 737-44. The ALJ must resolve these conflicts, and thus further proceedings are necessary. *See Andrews*, 53 F.3d at 1039.

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 6

On remand, the ALJ shall reevaluate Dr. Overfield's opinions, and reweigh Dr. Magdaleno's opinions considering the reevaluation of Dr. Overfield's opinions. The ALJ shall reevaluate the relevant steps of the disability evaluation process, and conduct further proceedings as necessary to reevaluate the disability determination in light of this opinion.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 3 day of December, 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE